UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20 CR 190 SEP |
| | ) | |
| SEAN MICHAEL STEINMEYER, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.      PARTIES:**

The parties are the defendant SEAN MICHAEL STEINMEYER, represented by defense counsel Lucy G. Liggett, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2.      GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count I of the charge, the agrees that no further federal prosecution will be brought in this District relative to the defendant's Possession of Child Pornography between September 1, 2019, and September 23, 2019, of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree to recommend to the Court that it sentence the defendant to 120 months' imprisonment. Other than recommending to the Court that it sentence defendant to 120 months' imprisonment, that parties agree that neither party shall request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein.

The defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: an AT&T Axia smart phone and a Sandisk microSD  card. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3.   **ELEMENTS:**

As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5)(B), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Possession of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly possessed material that contained images of child pornography, (2) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually

explicit conduct, and (3) those images are contained on material that has been transported in interstate commerce and were themselves transported in interstate commerce.

4.  **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On March 25, 2015, defendant was Indicted for possessing child pornography in *United States v. Sean Michael Steinmeyer*, 4:15 CR 144 SNLJ. He pleaded guilty to the charge on November 4, 2015. On February 3, 2016, defendant was sentenced to sixty-three month's imprisonment followed by twenty-five years of supervised release. Supervised release started on March 15, 2019.

Defendant was placed in the Southeast Missouri Behavioral Residence Re-Entry Center (RRC). On September 23, 2019, while at the RRC, his backpack was legally searched and an AT&T Axia smartphone was found. Defendant did not have permission to possess the smartphone and it was properly seized. Defendant admitted that he viewed adult and child pornography on the phone for over two months.

On October 1, 2019, the AT&T Axia smartphone was seized by the United States Probation Office. It was forensically examined. The examiner located videos of child pornography on the smartphone. The examiner was able to determine that the videos were accessed on the phone in September 2019.

SA Greg Marx of the FBI was assigned to investigate the matter. He obtained a valid federal search to search the defendant's AT&T Axia smartphone. The search warrant was properly executed and SA Marx forensically examined the smartphone. The smartphone

contained a SanDisk microSD card. Both the AT&T Axia smartphone and the SanDisk microSD card were produced outside the state of Missouri and traveled in interstate commerce. SA Marx located several apps on the phone including Kik, WhatsApp, Snapchat, MEGA, Just Talk Kids, and Teen Chat Room. He also located search terms for bikini kids, kids bikini, preteen bikini, preteen picture, kids, and preteen. He also located a text message between the defendant, who identified himself as being nineteen years old, and a person who identified herself as a sixteen-year-old female.

During his forensic analysis of the smartphone, SA Marx located 4280 images of child pornography and child erotica. The images of child pornography were accessed by the user on September 7, 2019, and September 8, 2019, and included the following:

a. VUEwzQAT.jpg – a graphic images file that depicts, in part, a prepubescent minor male, approximately 1-3 years of age, with legs spread and penis visible. The child has what appears to be ejaculate on his stomach;

b. WiAHWKJT.jpg – a graphic image file that depicts, in part, a prepubescent minor female, approximately 7-10 years of age, with her legs spread and vagina and anus as the focal point of the picture. A black dildo is inserted in the child's anus;

c. XzYjlQIR.jpg – a graphic image file that depicts, in part, a minor boy and girl, approximately 10-12 years of age, sitting together completely nude on the couch. The female is touching the boy's penis;

d. vXpU2C4B.jpg – a graphic image file that depicts, in part, a prepubescent minor female placing her tongue on a male's penis;

e. ujQFRaIS.jpg – a graphic image that depicts, in part, a prepubescent minor female, approximately 1-3 years of age, with her legs spread showing her vagina and anus.

4

SA Marx also forensically examined the SanDisk microSD card. SA Marx located approximately 26 images of child pornography and child erotica, and 54 videos of child pornography. Three of the videos were created on the microSD card on September 7, 2019, September 9, 2019, and September 19, 2019, and are described as follows:

    a.  g_1437023693055.mp4, a graphic video file that depicts, in part, a dog licking a minor female's vagina;

    b.  11 57 46 pm.mp4, a graphic video file that depicts in a part, a prepubescent minor female, approximately 6-9 years of age, standing completely nude in front of the camera and spreading her vagina. The girl then turns around and shows her anus to the camera;

    c.  cumcam4855.mp4, a graphic video file that depicts a minor female in a lascivious display of her genitals as she masturbates.

Summary

In summary, and as the defendant admits today, between September 1, 2019, and September 23, 2019, within the Eastern District of Missouri, defendant possessed on his AT&T Axia smartphone and SanDisk microSD card, files that contained images and videos of child pornography including, but not limited to, the following:

    a.  VUEwzQAT.jpg – a graphic images file that depicts, in part, a prepubescent minor male, approximately 1-3 years of age, with legs spread and penis visible. The child has what appears to be ejaculate on his stomach;

    b.  WiAHWKJT.jpg – a graphic image file that depicts, in part, a prepubescent minor female, approximately 7-10 years of age, with her legs spread and vagina and anus as the focal point of the picture. A black dildo is inserted in the child's anus;

c. XzYjlQlR.jpg – a graphic image file that depicts, in part, a minor boy and girl, approximately 10-12 years of age, sitting together completely nude on the couch. The female is touching the boy's penis;

d. vXpU2C4B.jpg – a graphic image file that depicts, in part, a prepubescent minor female placing her tongue on a male's penis;

e. ujQFRaIS.jpg – a graphic image that depicts, in part, a prepubescent minor female, approximately 1-3 years of age, with her legs spread showing her vagina and anus.

f. g_1437023693055.mp4, a graphic video file that depicts, in part, a dog licking a minor female's vagina;

g. 11 57 46 pm.mp4, a graphic video file that depicts in a part, a prepubescent minor female, approximately 6-9 years of age, standing completely nude in front of the camera and spreading her vagina. The girl then turns around and shows her anus to the camera; and

h. cumcam4855.mp4, a graphic video file that depicts a minor female in a lascivious display of her genitals as she masturbates.

Defendant possessed more than six hundred images of child pornography. Some of the images depicted prepubescent minor children, and some portrayed sadistic or masochistic conduct or other acts of violence. The internet is a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.  The internet is a means and facility of interstate and foreign commerce.

5.   **STATUTORY PENALTIES:**

As to Count One, the defendant fully understands that the maximum possible penalty provided by law for the crime of Possession of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than twenty years, and a fine of not more than $250,000.  The Court may also impose a period of supervised release of not more than life and not less than five years. **The defendant fully understands that the crime to which a guilty plea is being entered, Possession of Child Pornography, requires a mandatory minimum term of imprisonment of at least ten years.**

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other assessments, the Court may impose an assessment for each count of no more than:

(1)    $17,000.00 if convicted of 18 U.S.C. § 2252(a)(4) or § 2252A(a)(5), regarding the possession of, or access with intent to view, child pornography;

(2)    $35,000.00 if convicted of any other trafficking in child pornography offense as defined by § 2259(c)(3), which includes offenses under:
   i.    18 U.S.C. § 2251(d);
   ii.    18 U.S.C. §§ 2252(a)(1) through (3);
   iii.    18 U.S.C. §§ 2252A(a)(1) through (4);
   iv.    18 U.S.C. § 2252A(g) (in cases in which the series of felony violations exclusively involves violations of §§ 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)); or
   v.    18 U.S.C.2260(b);

(3)    $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under:
   i.    18 U.S.C. § 2251(a) through (c) (production of child pornography);
   ii.    18 U.S.C. § 2251A (selling or buying of children);
   iii.    18 U.S.C. § 2252A(g) (in cases in which the series of felony violations involve at least one of the violations listed in this subsection);
   iv.    18 U.S.C. § 2260(a); or

v.     any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in § 2256).

**6.     U. S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

a.     **Chapter 2 Offense Conduct**:

(1)     **Base Offense Level**:  The parties agree that the base offense level is eighteen (18) as found in Section 2G2.2(a)(1).

(2)     **Specific Offense Characteristics:**  The parties agree that the following Specific Offense Characteristics apply:

(a)     two (2) levels should be added pursuant to Section 2G2.2(b)(2), because "the material involved a prepubescent minor or a minor who had not attained the age of 12 years,"

(b)     four (4) levels should be added pursuant to Section 2G2.2(b)(4), because the "offense involved material that portrays sadistic or masochistic conduct or other depictions of violence,"

(c)     two (2) levels should be added pursuant to Section 2G2.2(b)(6), because "the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material."

(d)     five (5) levels should be added pursuant to Section 2G2.2(b)(7)(D),

8

because the offense involved "600 or more images" of child

pornography, where each video is considered to be the equivalent

of 75 images of child pornography.

b.  **Chapter 3 Adjustments**:

(1)  **Acceptance of Responsibility**:  The parties agree that three levels should

be deducted pursuant to Section 3E1.1(a) and (b), because the defendant

has clearly demonstrated acceptance of responsibility and timely notified

the government of the defendant's intention to plead guilty.  The parties

agree that the defendant's eligibility for this deduction is based upon

information presently known.  If subsequent to the taking of the guilty

plea the government receives new evidence of statements or conduct by

the defendant that it believes are inconsistent with defendant's eligibility

for this deduction, the government may assert that the defendant should

not receive all or part of the deduction pursuant to Section 3E1.1.

(2)  **Other Adjustments**: The parties recommend that the following

adjustments, other than acceptance of responsibility, apply: none.

c.  **Estimated Total Offense Level**:  The parties estimate that the Total Offense

Level is twenty-eight (28).

d.  **Criminal History:** The determination of the defendant's Criminal History

Category shall be left to the Court. Either party may challenge, before and at sentencing, the

finding of the Presentence Report as to the defendant's criminal history and the applicable

category. The defendant's criminal history is known to the defendant and is substantially

available in the Pretrial Services Report.

9

      **e.**    **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.**    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

      **a.**    **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

      **(1)**    **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

      **(2)**    **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

      **b.**    **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28,

United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

       c.    **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **OTHER:**

       a.    **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

       b.    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

       c.    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant

resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d.**     **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under –

(1)     Chapter 77 (relating to peonage, slavery, and trafficking in persons, including, but not limited to, 18 U.S.C. § 1591 (Sex trafficking of children by force, fraud, or coercion));

(2)     Chapter 109A (relating to sexual abuse);

(3)     Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography) and 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography));

(4)     Chapter 117 (relating to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. § 2422(b)

12

(enticement of a child) and 18 U.S.C. § 2423 (transportation of minors)); or

(5)     Section 274 of the Immigration and Nationality Act (8 U.S.C. 1324) (relating to human smuggling), unless the person induced, assisted, abetted or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of the law.

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

e.      **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f.      **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty. Under Section 2259(c)(3), the minimum amount of restitution per victim for each count of conviction is $3000 for crimes occurring on and after December 7, 2018.

g.      **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation,

13

whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**9.      ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state

sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

Defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has

15

completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10.   **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11.   **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12.   **NO RIGHT TO WITHDRAW GUILTY PLEA:**

16

Case: 4:20-cr-00190-SEP   Doc. #: 22   Filed: 11/09/20   Page: 17 of 17 PageID #: 51

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant
understands that there will be no right to withdraw the plea entered under this agreement, except
where the Court rejects those portions of the plea agreement which deal with charges the
Government agrees to dismiss or not to bring.

11-5-2020
Date

ROBERT F. LIVERGOOD, 35432MO
Assistant United States Attorney

11-5-2020
Date

SEAN MICHAEL STEINMEYER
Defendant

11/4/20
Date

LUCY G. LIGGETT, #34589 MO
Attorney for Defendant

17